## Prestonsburg Coal Company v. Wallen.

(Decided June 3, 1914.)

### Appeal from Floyd Circuit Court.

1. Pleading—Variance—Evidence.—If an allegation to which proof is directed, be unproved, not in some particular or particulars only, but in its general scope and meaning, it is not, under section 131 of the Civil Code, to be deemed a case of variance, but a failure of proof.

2. Damages—When Must Be Specially Averred.—Where damages are special and not necessarily the result of the act complained of, they must be specially averred.

3. Damages—Special Damages—When Petition States No Ground for Recovery of.—In an action to recover damages for personal injuries, a petition which states that the plaintiff "expended considerable money for medical and nursing bills," states no ground for the recovery of special damages for money expended for those purposes.

HARKINS & HARKINS for appellant.

MAY & MAY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The Prestonsburg Coal Company operates a coal mine on the road which runs from Prestonsburg to Bull Creek, the tipple and tramway of the coal company extending entirely across the creek, from hill to hill. Coal cars from the mines are brought out from the hill on either side, and the coal is dumped through the chutes in the center near the county highway, which passes under the tipple with only one set of bents or upright timbers between the roadway and the coal chutes.

On February 20, 1912, the appellee, Mrs. Mary Wallen had ridden horse-back from her home on Bull Creek to Prestonsburg, and on returning about noon, she rode under the tipple. On that day the company had found it necessary to pull an empty car from one of the sidings onto the main line, so as to get it into position to load it from the coal chute; and in moving the car the company was using a span of mules, a set of blocks, and a long rope or line. The blocks were fastened to an apple tree on the road side; and the rope extending along the road, was attached to the car. In pulling the car onto the main line it became necessary for the company to pull the blocks apart. The operator would then take up the slack

in the rope, and bring the blocks together again for the purpose of making another pull, and in doing this the rope was stretched along the public highway for a distance of from 100 to 150 feet above the tree to which the blocks were fastened. In this way the rope which worked the blocks was drawn across the road and stretched along the upper edge of the road for quite a distance.

After Mrs. Wallen had passed under the coal tipple she traveled the public highway until she had crossed the rope where it was first laid across the road, and while she was traveling along near the extended rope, the operator in charge of the apparatus began, as she claimed, to make another "pull." When the mules pulled the blocks it necessarily tightened the rope so that, in the language of the witnesses, it "would come jumping down the road very rapidly." Appellee claims that in this way the rope scared the horse she was riding, which becoming frightened threw her backward over the saddle onto the ground, seriously injuring her. Appellee was confined to her bed six weeks, and the evidence establishes the fact that her health was greatly, and perhaps permanently, impaired. She recovered a verdict and judgment for $700.00, and the company appeals.

Since counsel for appellant has made no attempt whatever to comply with Rule 3 of the court, which requires that there shall accompany every brief a classification of the questions discussed, and that the authorities relied on shall be cited under the appropriate headings, we have had some difficulty in ascertaining precisely what grounds are relied upon for a reversal.

Furthermore, the body of appellant's brief contains no divisions to indicate the questions discussed or relied upon.

From a careful reading, however, of appellant's brief we gather that it asks a reversal upon two grounds: (1) That there is a material variance between the petition and the proof as to the character of negligence charged, and (2) that while the petition claims $2,000.00 damages for all of appellee's injuries, including medical and nursing bills, the instruction erroneously permits a recovery of $2,000.00, the total amount claimed, for injuries alone.

1. The petition alleges that appellant's employees wrongfully pulled or stretched the rope along the road

in such a careless and negligent manner that it greatly frightened appellee's horse and caused it to throw her backwards onto the ground.

The first instruction substantially followed the language of the petition by permitting appellee to recover if the appellant carelessly and negligently handled or used the rope in such a way that it caused the appellee's horse to throw her and thereby injure her. It is insisted, however, the proof shows that appellee's horse did not become frightened until after she had passed the point where the rope was laid across the road; and that during all the time appellee was traveling near the rope, and until and when she claimed her horse threw her, the proof is positive and conclusive that the blocks and rope were not operated at all. In short, appellant contends that appellee's horse became frightened at the rope lying in the road, and for that appellant was in no way liable.

We do not agree, however, with appellant that the proof conclusively shows that appellee's horse became frightened after she had passed the rope, or that appellant was not operating the block and tackle while she was so passing. The proof upon this question may fairly be said to be contradictory; and that being true, it was for the jury to pass upon the question.

The allegation of negligence in the petition was sufficiently broad to cover any negligent act that could reasonably be inferred from the proof; and under section 131 of the Civil Code, if the allegation to which the proof is directed, be unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance, but a failure of proof. And, since the act of negligence here charged was, in its general scope and meaning, supported by proof, it cannot be said there was a failure of proof.

2. The petition based the appellee's claim for damages upon physical and mental pain and bodily suffering and her permanent disability to work. It also alleges incidentally that she expended considerable money for medical and nursing bills. This last allegation as to expenditure for medical and nursing bills amounted to nothing under the well settled rule that where damages are special and not necessarily the result of the act complained of, they must be specially averred. Money expended for medicine and nursing bills constitutes special damage, and as the petition wholly fails to allege that

any money was expended for either purpose, neither could be considered in the recovery.

Moreover, there was no proof that appellee paid out any money for medical or nursing bills, or that she had become obligated to do so. The court in its instruction, therefore, properly confined appellee's recovery to her physical and mental pain and suffering, and the impairment of her ability to earn money. The instruction properly ignored the subject of appellee's medical and nursing bills, upon the double ground that both the petition and the proof were insufficient upon that point. We fail to see how appellant was prejudiced by this omission. On the contrary, the instruction as given prevented the appellee from recovering anything upon that ground; and of that appellant cannot complain.

Finding no error in the record, the judgment is affirmed.