## Central Consumers' Company v. Lamberg.

(Decided June 2; 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. New Trial—Review—Bill of Exceptions.—The ruling of the trial court in setting aside a judgment and granting a new trial is brought in review on the appeal from a subsequent judgment by a bill of exceptions from the former trial and a motion to have the judgment then rendered substituted for the judgment appealed from.

2. Appeal and Error—Peremptory Instructions.—The evidence introduced on the trial at which a verdict was returned for the defendant upon which judgment was rendered, examined and held not to warrant the giving of a peremptory instruction to find for the defendant at the conclusion of the plaintiff's evidence.

3. Master and Servant—Assumption of Risk—Instructions.—In a suit of an employe against his employer for personal injuries, an instruction on assumed risk was improper, where the accident occurred after the workmen's compensation law became effective and where it was shown that defendant was such an employer as came within the provisions of that act though it had not taken advantage of it.

4. Appeal and Error—Argument of Counsel—Limitation Upon.—An arbitrary limitation on the time for arguing a case before the jury, plainly defeating the opportunity adequately to sum up the case, is cause for a reversal of an adverse judgment, but a limit of thirty-five minutes in the case under consideration held not to have been arbitrary or an abuse of judicial discretion.

5. Damages—Special Damages—Pleading.—Loss of time on account of personal injury is special damage which must be specifically pleaded before a recovery is authorized.

6. Damages—Impairment of Power to Earn Money—Waiver.—The failure to object to evidence introduced by plaintiff, which incidentally tended to show lost time but which was competent for the purpose of showing the character of the plaintiff's injury and the permanent impairment of his power to earn money, is not a waiver of the failure to plead damages for lost time.

PETER, LEE, TABB & KRIEGER for appellant.

ISAAC SHERMAN for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

On the first appeal of this case the judgment was reversed and it was held that the lower court erred in directing the jury to return a verdict for the defendant at

the conclusion of the plaintiff's evidence. (Lamberg v. Central Consumers' Company, 184 Ky. 284.) At a subsequent trial there was a verdict for the defendant on which judgment was rendered, but on plaintiff's motion the judgment was vacated and a new trial granted. The next trial resulted in a verdict and judgment for the plaintiff for $5,000.00, to reverse which this appeal is prosecuted.

The first contention of appellant is that the judgment rendered on the verdict for defendant should not have been set aside. The question is brought in review by a bill of exceptions from that trial and a motion to have the judgment then rendered substituted for the judgment appealed from. The points urged on this ground are that the evidence for plaintiff warranted the giving of a peremptory instruction for the defendant, or if that is not true, that there was no error committed on the trial that justified the setting aside of the judgment and the granting of a new trial.

Appellant insists that the case as then made up called for an application of the principle that denies a recovery where the evidence as to the cause of injury is equally consistent with the existence or non-existence of negligence. On the first appeal the same argument was advanced and it was evidently upon that theory that the trial court gave the peremptory instruction, but in reversing the judgment we held that plaintiff's evidence was not susceptible of the dual construction given it. That opinion is conclusive of the question, unless there was a material departure from the evidence on the first trial, the effect of which was to obscure the manner and cause of injury and to leave room for equally consistent theories as to whether it resulted from a negligent or non-negligent act. Speaking of plaintiff's testimony on the first appeal we said:

"This clearly means that his injury resulted either directly from stepping in a depression in the floor, such as he had described, or else from his ankle turning as a result of having stepped in such a depression and does not permit of the construction placed upon it by the court that his ankle may have turned through no defect in the floor."

The evidence we are asked to consider on the point now made, in our opinion, is clearer as to the cause of injury than that given on the first trial. True, on cross-examination the plaintiff was unable to identify the

hole or depression in the floor that caused his ankle to turn, but he was carrying a heavy weight and could not have been expected to point out the exact hole or depression that caused the injury. That, however, is not a consequential defect in the proof, for, according to his testimony, there were many holes and depressions in the floor at the point where he was injured and he emphatically stated that his ankle was caused to turn by his foot getting into a hole or into a depression. Under this evidence there was no room for speculation as to whether his ankle was caused to turn by the defective condition of the floor or independently of such condition, as there is nothing in his testimony tending to support the latter theory. The trial court, therefore, properly overruled the motion for a peremptory instruction.

The next contention is that it was error to vacate the judgment and grant a new trial. Apparently, the court rested its order in that respect on the ground that instruction number one was erroneous. That instruction followed the allegations of the petition, and, as a condition precedent to finding liability, required the jury to believe that the conditions at the place where the plaintiff was put to work were such that an ordinarily careful and prudent person, after being assured of the safety of the place, would have undertaken the work under the circumstances. In this form the instruction charged the plaintiff with the assumption of the risk of injury under a believable state of case, or, in other words, it authorized the application of the doctrine of assumed risk. This was improper because the accident occurred after the workmen's compensation law became effective, and appellant was such an employer as came within its provisions though it had not taken advantage of the act. It is conceded that the plea of assumed risk was inapplicable. Hence the court instructed the jury on a theory not allowable and perhaps responsible for the verdict. The error was manifestly prejudicial and the trial court was right in setting aside the judgment and granting a new trial.

Other errors specified by appellant are, that the verdict on the last trial is not sustained by sufficient evidence, the damages are excessive, and the ruling of the court in limiting counsel for defendant in his argument to the jury to thirty-five minutes. None of these grounds is maintainable. There is ample evidence to support the verdict. As to the excessiveness of the damages, if the

jury believed that the injury was brought about by defendant's negligence and made necessary the amputation of plaintiff's foot, as there was some evidence tending to show, an award of $5,000.00 in damages is certainly not excessive. Nor was it an abuse of discretion to limit counsel's argument before the jury to thirty-five minutes. An arbitrary limitation, plainly defeating the opportunity adequately to sum up a case, would be cause for a reversal of an adverse judgment, but a limit of thirty-five minutes in this case cannot be held to be arbitrary or an abuse of judicial discretion.

A more serious question is presented in the instruction on the measure of damages given to the jury, by which they were authorized, if they found for the plaintiff, to compensate him for loss of time resulting from his injuries not exceeding on that account the sum of $1,000.00. Loss of time on account of personal injury is special damage which must be specifically pleaded before a recovery is authorized. (Baries v. Louisville Electric Light Co., 118 Ky. 830; Central Ky. Traction Co. v. Chapman, 130 Ky. 342; Lexington Ry. Co. v. Britton, 130 Ky. 676; Blue Grass Traction Co. v. Ingles, 140 Ky. 488; I. C. R. R. Co. v. Beeler, 142 Ky. 772; Prestonburg Coal Co. v. Wallen, 159 Ky. 369.)

The plaintiff in his petition did not allege any special damage on account of lost time. He asked damages in the sum of $15,000.00 for the permanent impairment of his power to earn money and damages in the sum of $1,000.00 for physical and mental distress and special damages in the sum of $240.00 on account of expenses incurred for surgery, medical attention and hospital charges, but no claim was made in his petition for damages on account of lost time. It is argued on his behalf that the question was treated as if it were an issue in the case, that the evidence with reference to it was introduced without objection, and that appellant introduced evidence on the same subject and must, therefore, be held to have waived the pleading of the damage. The record does not sustain this argument, for it does not show that appellant introduced any evidence relative to the question of appellee's lost time or cross-examined any of appellee's witnesses on that subject. Neither is it to be observed that any testimony was offered by appellee to prove lost time. His proof shows that he was in a hospital for some time after the injury, that he remained at home for a longer period of time, and that he was earning $21.00 a week

when injured and since that time has been unable to earn anything like so much. But all of that evidence was competent on other issues in the case. That pertaining to the time that he was incapacitated after the injury was competent to show the extent and character of his injury, its permanency and necessarily the permanent impairment of his power to earn money. The testimony concerning the wages that he received before the injury and those that he had been able to obtain since went to the question of permanent impairment of power to earn money. So all the testimony referred to by appellee, as being admitted without objection, was competent on other issues that were in the case and none of it was subject to objection on the ground of incompetency. In fact, its relevancy on the subject of lost time was merely incidental, whereas it was directly pertinent to the other issues. In view of these facts appellant could not have been expected to object to the testimony that is said to prove lost time. Counsel had the right to assume that it was introduced on the issues that were made by the pleadings and upon which it was competent. The case is unlike Lexington and Eastern Railroad Company v. White, 182 Ky. 267, for there the claim for loss of time was pleaded though defectively, and the value of the services for that time was proven without objection. The parties tried the case as if the issue were made in the pleadings. In the case at bar no attempt was made to plead special damage for lost time and no evidence was introduced on that particular point or tending to prove it except inferentially. Main Jellico Mountain Coal Co. v. Parker, 124 S. W. 871, is also easily differentiated from this case. While there was no loss of time alleged in the petition in that case, the evidence in regard to it was given without objection on the part of the defendant and apparently the parties at the trial treated the question as if it were an issue in the case. These decisions are radically different from the instant case, where there was no evidence for plaintiff directly bearing on the question and that which might be construed as incidentally relating to it was competent on other issues, and for that reason was not open to valid objection. Hence appellant in this case did not treat the question as if it were in issue and the rule announced in the two cases mentioned is inapplicable.

The instructions permitted a recovery of $1,000.00 special damages on account of lost time and in this respect they were erroneous. We cannot speculate on what

the jury would have done had that element of damages not been included in the instructions. It was improper to include it, and, in view of the amount of recovery allowable on that account, the error must be considered prejudicial.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion.