## Russell v. City of Ashland, et al.

(Decided May 26, 1914.)

### Appeal from Boyd Circuit Court.

1. Negligence—Failure to Prove—Peremptory Instruction.—Where, in an action against a city to recover for the death of a horse alleged to have resulted from the negligent failure of the city to maintain its streets in a reasonably safe condition, plaintiff failed to show that such negligence was the proximate cause of the horse's death, and the jury could do no more than guess at the cause of the accident, it was proper to direct a verdict in favor of the defendant.

2. New Trial—Newly Discovered Evidence—Affidavit—Necessary Allegations.—To sustain a motion for a new trial on the ground of newly discovered evidence, the affidavit must not only allege that the affiant exercised due diligence in attempting to secure such evidence at the former trial, but must allege facts showing that such diligence was exercised.

W. E. WILHOIT and J. S. FULLERTON for appellant.

JOHN T. DIEDERICH and DONALD H. PUTNAM for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Robert Russell, brought this action against the City of Ashland and George Hunt to recover damages for the death of a horse, which he claimed was due to the negligence of the defendants in failing to put barriers or lights on the streets at the point where the horse fell, and where the streets were not in reasonably safe condition for public travel. At the conclusion of the evidence the court directed a verdict in favor of defendants. Plaintiff appeals.

In the summer of 1910 the City of Ashland was engaged in improving a number of streets by original construction. Among the streets being improved were 23rd, 24th, 25th and 29th Streets, and Central Avenue, Bath Avenue, Montgomery Avenue, Carter Avenue and Lexington Avenue. The work was being done by the Southern Bitulithic Company. George Hunt was in charge of the paving work under a subcontract with the Southern Bitulithic Company.

At that time Robert Russell owned a livery stable in the City of Ashland. Late in the evening of July 17,

1910, Russell's stable man hired a horse and buggy to a man by the name of Lee. Lee and a companion of his drove the horse away. Late that night the stable man was informed that the horse had been found dead at the intersection of 26th street and Lexington Avenue. On going to the place of the accident he discovered the horse. A short distance from the horse he noticed a cinder pile. There was no barricade or light of any kind near the intersection of 26th Street and Lexington Avenue. George Slone and Roscoe Slone testified to the same effect.

The evidence further shows that all the streets in question were being torn up and improved about the same time, and that it was practically impossible to reach the place of the accident without becoming aware that the streets were in such condition that they were not being used for travel.

The two men who were driving the horse were not introduced as witnesses, though the stable man says that he saw one of them about three or four weeks before the trial.

One of the witnesses states that the horse was in a sweat when he examined him.

From the foregoing evidence it is manifest that no one could tell exactly what caused the death of the horse. For aught that appears, the two men in the buggy may have known of the condition of the streets at the place of the accident, and notwithstanding this fact attempted to drive the horse along the streets when they knew that it was practically impossible to do so. Then, too, the horse may have fallen in its tracks not because of any hole or obstruction in the streets, but because he had been driven to death. While there was some proof of negligence on the part of the city and its sub-contractor, the evidence fails to show that this negligence was the proximate cause of the horse's death. Under these circumstances, the jury could do no more than guess at the cause of the accident, and the court, therefore, properly directed a verdict in favor of the defendants. Stone v. Van Noy Railroad News Co., 153 Ky., 240, 154 S. W., 1092; Louisville Gas Co. v. Kaufman-Straus Co., 105 Ky., 143.

But it is insisted that the trial court erred in refusing to award plaintiff a new trial on the ground of newly discovered evidence. The evidence relied on is contained

in the affidavits of plaintiff and of one Thornton Slone. Plaintiff's affidavit is to the effect that since the trial of the action it was discovered that Lando Slone, Thornton Slone, Cecil Green and Herbert Boggs were eye-witnesses to the accident, and would testify to the fact that the man who was driving the horse drove off of 26th Street on to Lexington Avenue. It was in the night time, and 26th Street was not lighted by artificial lights or otherwise. Lexington Avenue, on 26th Street, was graded down to a depth sufficient to make a square embankment approximately two feet or more in height. The horse when driven over this embankment fell and died. There were no lights or barriers of any kind or description at that point. The affidavit further alleges that affiant was diligent in his efforts to secure the above testimony, but after using due diligence he was unable to do so until after the trial was over. Accompanying plaintiff's affidavit is the affidavit of Thornton Slone alone, which contains substantially the same allegations. It appears that the affiant, Thornton Slone, lives in the same house as George and Roscoe Slone, who testified at the trial. The suit was brought October 19, 1910. The trial took place during the month of March, 1913. The only reason why plaintiff did not secure the testimony of Thornton Slone is because he was informed that Thornton Slone did not want to be a witness in the case, and kept quiet. Although two years and a half had elapsed since the suit was brought, he does not show that he sought from people living in the vicinity of the accident any information in regard to the circumstances under which it occurred, or that he in any other way endeavored to ascertain who were present at the time of the accident, or what they would testify to concerning the accident. In a case of this kind, it is not sufficient merely to allege that affiant exercised due diligence, but he must allege facts showing that such diligence was exercised. As the affidavit fails to show such facts, we conclude that the court below did not err in refusing a new trial on the ground of newly discovered evidence, which, so far as the record shows, might have been discovered by the slightest inquiry on the part of plaintiff.

Judgment affirmed.