## Lawrence E. Tierney Coal Company v. Smith's Guardian, et al.

(Decided October 29, 1918.)

### Appeal from Pike Circuit Court.

AUXIER, HARMAN & AUXIER for appellant.

P. B. STRATTON, JESSE D. KASH, J. R. JOHNSON, JR., ED. C. O'REAR, J. T. METCALF, B. R. JOUETT and PENDLETON & BUSH for appellees.

JOHN G. WINN and ROBERT H. WINN for the Oil Men's Association.

ROBERT H. WINN for A. W. Hamilton's Executor.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CARROLL.

· The opinion in this case may be found in 180 Ky. 815. The act of the legislature under consideration in this case provided for the leasing of the real estate or any interest therein of infants and persons of unsound mind for the purpose "of mining and removing all or part of the coal, oil, gas and any and all of the mineral or mineral substances or products therein" for a term beyond the minority of the infant or the removal of the disability of the person of unsound mind, and in the opinion we treated coal and mineral of all kinds as well as oil and gas as being in the same class, and in concluding the opinion said "that the act of 1916, in so far as it attempts to authorize the leasing during the infancy or unsoundness of mind of the owner, the coal, oil, gas and other mineral or mineral substances and products for a period beyond the minority of the infant or beyond the period when the disability of the person of unsound mind is removed, is void."

In a petition filed by counsel for the Oil Men's Association of Kentucky we are asked to so modify the opinion as to exempt from its effect oil and gas leases, and this upon the ground that the case we had only involved a lease of coal lands and there is such a substantial difference in the nature and quality of coal and other minerals, and oil and gas, as to warrant a different method of determining the validity of a lease of the one class from the other.

In view of the importance of the question presented and the fact that the oil and gas interests of the state were not represented on the hearing of the case we have decided to withdraw so much of the opinion as holds that the act is invalid in so far as it authorized the leasing for an unlimited term of the oil and gas rights and privileges of infants and persons of unsound mind in order that this special feature of the act may be considered and determined in a case in which there is directly involved the question of the right to lease for an unlimited term the oil and gas rights and privileges of infants and persons under disability.

In all other respects the opinion is adhered to and the several petitions filed for a rehearing are overruled.

Whole court sitting. Judge Thomas dissenting.

DISSENTING OPINION BY JUDGE THOMAS.

I agree to the modification of the opinion made by the court, but I dissent from the majority in overruling the petition for a rehearing, for I am convinced it should be sustained, the former opinion withdrawn and the judgment affirmed, but since no discussion of the questions argued is made by the court I will not do so in this dissent.