# Home Insurance Company v. Cincinnati, New Orleans & Texas Pacific Railway Company.

### (Decided January 17, 1919.)

## Appeal from Boone Circuit Court.

1. Railroads—Fires—Evidence.—Evidence of trains passing the property destroyed by fire, both before and after the day or time of fire, emitting sparks is not sufficient to make out a prima facie case of negligence in the absence of direct testimony or circumstances that the engine or engines which passed the property within a short period before the fire were emitting sparks or were otherwise negligently managed.

2. Trial—Peremptory Instruction.—When all the facts proved by plaintiff and all reasonable deductions drawn therefrom are admitted, the plaintiff has not shown himself entitled to the relief sought, it is the duty of the court to sustain a motion for a directed verdict.

3. New Trial—Grounds—Newly Discovered Evidence.—Legal diligence requires a witness to be examined fully and specifically as to his knowledge of all the matters in controversy.

4. New Trial—Diligence.—It is not sufficient in the motion and grounds for a new trial to allege that due diligence has been exercised, but facts must be alleged showing that such diligence was actually exercised.

5. New Trial—Diligence.—The fact that counsel did not know that a witness would testify to certain facts does not change the rule as to the diligence required. It is the duty of the person producing the witness to fully inquire into said witness' knowledge of the facts prior to the trial.

6. New Trial—Case Should Not Be Reopened Except Upon Convincing Grounds.—When once a case has been tried and the litigant has had an opportunity to present his cause of action it is of vital importance to litigants and the public that the case be not reopened or retried, save upon the most convincing and persuasive grounds, showing that an injustice has been done or a wrong committed that should be corrected by a retrial.

7. New Trial—Newly Discovered Evidence.—A new trial will not be granted on the ground of newly discovered evidence unless the evidence be of a decisive character such as to render a different result reasonably certain.

W. W. DICKERSON and CHARLES STROTHER for appellant.

JOHN M. LASSING, N. E. RIDDELL and GALVIN & GALVIN for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

A house owned by T. J. Crowe, in the town of Walton, was destroyed by fire about two o'clock in the afternoon of June 2, 1914. The property was situated between the rights-of-way of the appellee on the east and the L. & N. R. R. Co., on the west. It was insured for $1,000.00 in the appellant company and for a like amount in the Hartford Insurance Company. The company having settled the loss, an assignment was taken for the amount paid and this suit instituted to recover the amount of said policy, it being alleged that the loss was due to the negligence and carelessness of appellee.

The case was assigned to a day for trial and both parties announced ready. At the close of plaintiff's testimony a motion for a peremptory instruction was made and sustained. Motion and grounds for a new trial were filed and overruled, and on the third day additional grounds of newly discovered evidence were filed and this latter motion was overruled.

According to appellant's theory the fire was caused by sparks from an engine of appellee attached to a work train. A reversal is asked because of error:

1. In sustaining the motion for a peremptory instruction.

2. In overruling the motion for a new trial based on newly discovered evidence.

1. The ruling of the court on the motion for peremptory instruction was proper.

In Bright v. Collins, 181 Ky. 765, it is said: "We need consider only the question of whether the evidence presented by plaintiff below entitled him to have his cause submitted to the jury. We have adopted the rule that, where there is any evidence tending to support plaintiff's contention, it is proper to refuse a peremptory instruction for defendant. Switchmen's Union of N. A. v. Johnson, 105 S. W. 1193; L. & N. R. R. Co. v. Johnson's Admr., 161 Ky. 824. In the case of Mason & Hoge Co. v. Highland, 116 S. W. 320, it is said: 'A scintilla of evidence on an issue is sufficient to warrant its submission to the jury.' But when all the facts proved by the plaintiff and all reasonable deductions to be drawn therefrom are admitted, the plaintiff has not shown himself entitled to the relief sought, it is the duty of the trial court to sustain a motion for a directed verdict."

In appellant's brief we find this language: "There is no evidence of a direct character that any one actu-

ally saw sparks or cinders falling from the work train when it was near and at work that day, but it was a clear sun-shiny day, and it was difficult to see them.''

The appellant introduced a number of witnesses in its behalf, but no one of them testified to facts that would bring this case within the rule laid down in the cases relied on. From the nature of cases of like character to this it is impossible to establish any fixed rule, applicable to all, but each must be decided upon the facts presented.

The owner of the property testified that he had not been on the premises for a month or more. Mabel Colston, who was sitting on the porch of the adjoining house, was asked the following questions and made the answers indicated.

''Q. Did you notice those engines with reference to seeing whether there were any fragments or burning coals or cinders being thrown out? A. No, sir. Q. Did you ever make any observations of that kind? A. No, sir.''

She remembers the work train being there that day but did not see the train from noon until some time after the fire; she remembers the train passing after the fire.

Mrs. Mary Hall, a sister of Mabel Colston who was with her at the time, in one answer states that she saw the work train pass the house several times that day, and in response to another question she says she saw it pass once before the fire and once after.

Lula Bollington had been at the Arnold home about thirty or forty minutes before the fire, and she could not see the tracks of the appellee company from where she was sitting. J. M. Arnold, who was occupying the premises as a tenant of Mr. Crowe, only saw the work train about noon of the day of the fire. He testified that he had noticed cinders falling on the premises at different times before this day and after, both from the L. & N. and C. N. O. & T. P. trains. G. W. Ransler, a business man and a member of the council, did not know what caused the fire. He did not know of any other fires in that neighborhood within a period of a month or so. He said at night he had frequently observed sparks coming from engines on both railroads passing through Walton. Two other witnesses testified they noticed pieces of burnt shingles some distance from the house at the time of the fire. The wind was from the east. These

are all the witnesses who testified in the case, with the exception of Geo. T. Nicholson, who testified merely as to the value of the property. Under this state of the record we do not think there was sufficient evidence to take this case to the jury.

We have read all the cases relied on by appellant but do not think that the facts of the instant case are such as to bring it within the rule announced in them. For example in C. & O. Ry. Co. v. Meek, 169 Ky. 775, the fire was discovered between fifteen and thirty minutes after a train drawn by engine No. 457 had passed. The train consisted of 55 or 60 empty gondola cars, and witnesses say the train was pulling heavily, and there were a number of witnesses who testified that this same engine had been seen on different occasions to emit an unusual quantity of cinders.

I. C. R. R. Co. v. Schneible, 162 Ky. 469. It appears in this case that within a short time before the fire, which destroyed appellee's house, a number of fires were started in the neighborhood by passing trains, the witnesses testifying that on the day before the fire in question a fire was started near this house by the same engine, which it is alleged caused the fire which destroyed appellee's property.

L. & N. R. R. Co. v. Guttman, 148 Ky. 235. There was evidence that a freight train which passed the house just before the fire was emitting a great volume of sparks and cinders, one witness testifying she heard the cinders falling on the roof of her house just before the fire was discovered.

C. N. O. & T. P. Ry. Co. v. Winkle, 148 Ky. 726. There was evidence in this case that the engine causing the fire had caused other fires at or about the same time and had emitted vast quantities of sparks. The other cases cited are to the same effect. The present case is more in line with the facts disclosed in C. N. O. & T. P. Ry. Co. v. Sadieville Milling Co., 137 Ky. 568, wherein the court uses this language:

"While the courts have been liberal in authorizing the submission of this class of cases to the jury upon the ground that fires of this kind frequently occur in the night when no one is present, and it is impossible to make out a case except from the attendant circumstances, they have never gone to the extent of holding that the mere fact that other engines, shortly before and after the fire, emitted large sparks was sufficient to make out

a *prima facie* case of negligence, in the absence of direct testimony, or some circumstances tending to show, that the trains which passed before the fire, and whose passing would reasonably account for the fire, emitted sparks of fire or were otherwise negligently managed."

In L. & N. R. R. Co. v. Hamburg-Bremen Fire Insurance Co., et al., 152 Ky. 510, the facts are similar to the case under discussion, and in this case, as in the preceding case, the court held that a peremptory instruction was proper.

In C. & O. Ry. Co. v. Bagby, 155 Ky. 420, a similar order was made, the court saying:

"Admitting, as true, every fact shown by appellee's proof, as well as every reasonable inference that could be drawn therefrom, no act of the appellant, either negligent or otherwise, was shown to have caused the burning of appellee's lumber; at best the finding of the jury was mere conjecture unsupported by the proof."

No one saw sparks coming from the engine with the work train; counsel concedes this. No one seems to have noticed the work train from the noon hour until after the fire. Trains of the L. & N. passed the house daily. We do not think there was sufficient evidence to take the case to the jury.

2. As to the newly discovered evidence. The first persons to notice the fire were the two young ladies next door. They gave the alarm, one of them going to the Arnold home to notify the occupants. Miss Marie Arnold, a daughter of the tenant, and Miss Lula Bollington were on the front porch of the Arnold home at the time. The newly discovered evidence relied on is contained in the affidavits of these two. Miss Bollington testified in behalf of the appellant at the trial, and it will be remembered that she testified that she could not see the C. N. O. & T. P. Railroad from where she was sitting. Miss Arnold, it seems, had promised to attend the trial but did not do so. No continuance was asked by reason of her absence.

In their affidavits they state that within fifteen or thirty minutes before they knew that the house was afire there was a work train on appellee's track, on the east side of the house, and a very large amount of cinders was being emitted from the engine, and in such quantities that they passed over the house and fell in the yard. One of the attorneys for the appellant, in his supporting affidavit, says that he did not know before

the trial that either of said witnesses would testify to the facts stated in their affidavits; he had not talked to Miss Arnold, but had talked to Miss Bollington, and to use his language: "she did not disclose to him that she knew and would testify to the facts that a train of defendant was on the track and moving thereon just east of and near the Crowe house and ejecting a large amount of cinders upon the house within fifteen or twenty minutes before the fire was discovered, until after this trial; that he did not ask her the direct question because he did not want to appear as attempting to suggest to her the nature and character of the evidence he wanted, and asked her generally what she knew of the cause of the fire, and she only told him the time when the fire was discovered, the direction the wind was blowing at the time, and she made no further disclosure."

Serious illness in his family doubtless did prevent counsel from attending to his business, as well as he otherwise would, but we do not think the facts stated in the affidavits entitled appellant to a new trial. The fire occurred in June, 1914. The case was previously prepared for trial. The last trial was had in December, 1916. Had he requested a continuance at the time the case was called, the court would doubtless have granted it, but no such request was made; on the contrary, appellee announced ready and a trial was had and judgment rendered.

The Code provision for a new trial on newly discovered evidence is as follows: "Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." Civil Code, sec. 340.

In 28 Cyc. 896, we find this language:

"A new trial will not be granted to permit a witness to testify to facts forgotten or overlooked by him, or to which his attention was not called, when giving his testimony at the trial. That the witness is better able to testify from having refreshed his memory, or that memoranda have been found to refresh his memory and make his testimony more positive, does not change the rule. Legal diligence requires a witness to be examined fully and specifically as to his knowledge of all the matters in controversy."

In Hudson Engineering Co. v. Shaw, 167 Ky. 27, a new trial was sought on the ground of newly discovered evidence, and it was there held that the party had not

shown himself entitled to a new trial because of want of diligence. Shaw instituted suit for certain salary due him, he having been employed under contract to do work relative to certain patents which were later sold and transferred to the appellant company, and on the point in issue the court says:

"As a matter of fact, however, plaintiff relied on a contract made with the company. It was but natural that he should prove that this contract was made with the board of directors. Defendant was not justified in assuming that the contract was made with Hosmer alone. It should have anticipated that plaintiff would attempt to prove that the contract was made with the board of directors and have been prepared to rebut this proof by the testimony of the directors. As the case was pending for three years and a half, ample opportunity was given the defendant to consult the members of the board who made the contract, and, if thought proper, to take their depositions, or have them present at the trial. A party is not entitled to a new trial because of newly discovered evidence unless he uses reasonable diligence to produce it at the trial. Olds Motor Works v. Shaffer, 135 Ky. 616, 140 S. W. 1047; Houston, Stanwood & Gambel v. Schneider, 148 Ky. 651, 147 S. W. 371. In the present case no diligence was shown. The trial court did not err in refusing a new trial on the ground of newly discovered evidence."

Russell v. City of Ashland, et al., 159 Ky. 223. In this case a new trial was sought on the ground of newly discovered evidence. The evidence relied on is contained in the affidavits of the plaintiff and one Slone, it being alleged that since the trial it was discovered that certain persons were eyewitnesses to the accident involved in this suit, and in passing on this phase of the case the court uses this language:

"It appears that the affiant, Thornton Slone, lives in the same house as George and Roscoe Slone, who testified at the trial. The suit was brought October 19, 1910. The trial took place during the month of March, 1913. The only reason why plaintiff did not secure the testimony of Thornton Slone is because he was informed that Thornton Slone did not want to be a witness in the case, and kept quiet. Although two years and a half had elapsed since the suit was brought, he does not show that he sought from people living in the vicinity of the accident any information in regard to the circumstances

under which it occurred, or that he in any other way endeavored to ascertain who were present at the time of the accident. In a case of this kind, it is not sufficient merely to allege that affiant exercised due diligence, but he must allege facts showing that such diligence was exercised. As the affidavit fails to show such facts, we conclude that the court below did not err in refusing a new trial on the ground of newly discovered evidence, which, so far as the record shows, might have been discovered by the slightest inquiry on the part of plaintiff.''

It will be seen from the evidence in the above case that the facts are almost identical to those involved in the present appeal. Miss Marie Arnold, whose affidavit is filed, was at the house at the time of the fire and this fact was known to the appellant, and it would seem that of all prsons she would have been the first to have been interviewed to ascertain what she knew about the fire, especially so that her companion, Miss Bollington, testified. It is apparent that it was the intention of appellant to have used Miss Arnold as a witness, but when she failed to put in an appearance, instead of requesting a continuance, counsel elected to try, and having thus elected we think it is now too late to seek a new trial on evidence that she would have given had she been present. The fact that counsel did not know that she would testify to the facts given in her affidavit does not change the rule, because due diligence would require that a witness be examined on all the matters in controversy, and it was the duty of appellant to have fully inquired into her knowledge of the fire prior to the trial. See Kentucky Central Railway Co. v. Smith, 93 Ky. 449. As stated in Berger v. Standard Oil Co., 126 Ky. 155: ''This evidence was of a character that it was necessarily germane to the only issue in the case, and was such that its existence must have occurred to the plaintiff in its preparation. That the witness who would testify as indicated in the affidavit was not earlier discovered is not a ground for a new trial, when it appears that he, or others to prove the same fact, might with ordinary diligence have been discovered before the trial.'' To the same effect is Warren v. Turman, 120 S. W. 275, in which case it appears that one of the witnesses on whose testimony they sought a new trial resided in the city where the trial was had; the other witness divided his time between the same town and the city of Washington, which fact was well known to the appellants, and the court holds

that the alleged newly discovered evidence could have been ascertained had reasonable diligence been exercised.

When once a case has been tried and the litigant has had an opportunity to present his cause of action it is of vital importance to litigants and the public that the case be not reopened or retried, save upon the most convincing and persuasive grounds showing that an injustice has been done or a wrong committed that should be corrected by a retrial of the case. See Warren v. Turman, *supra*.

3. It is the law of this state that a new trial will not be granted on the ground of newly discovered evidence, unless the evidence be of a decisive character and such as to render a different result reasonably certain. Weaks, etc. v. L. & N. R. R. Co., 153 Ky. 691.

The rule is thus stated in a different way in Owsley v. Owsley, 117 Ky. 47: "To entitle a party to a new trial when the point upon which it is sought was not in issue in the former trial the newly discovered evidence must be of such a permanent and unerring character as to preponderate greatly or have decisive influence upon the evidence to be overturned by it."

While we do not think the appellant has shown due diligence in the preparation of his case we are of the belief that for the further reason expressed in the two preceding cases the judgment should be upheld. We are enforced in this conclusion because of the fact that the benefit of the testimony of these very witnesses was had in the companion suit of Hartford Fire Insurance Company v. C. N. O. & T. P. Ry. Co., 182 Ky. 295. This trial held subsequent to the trial in the present case resulted in a verdict in favor of the railway company, and this verdict was sustained by this court in the opinion delivered December 3, 1918.

The judgment is affirmed.