## Bradley v. Gearheart.

Bradley v. Gearheart.

(Decided February 17, 1922.)

## Appeal from Carter Circuit Court.

New Trial—Setting Aside Verdict.—The verdict of a properly in-
structed jury will not be set aside unless flagrantly against the
evidence, and in this case it is held that the verdict on all the is-
sues necessary to find for the plaintiff is not flagrantly against
the evidence; nor was the alleged newly discovered testimony,
even if diligence was exercised, which is not shown, sufficient to
authorize the granting of a new trial.

THEOBOLD & THEOBOLD for appellant.

H. L. WOODS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The main question involved in this appeal is whether
the verdict of the jury in favor of plaintiff and appellee,
F. N. Gearheart, against the defendant and appellant, S.
M. Bradley, for the sum of $585.87 is sustained by the
evidence. Plaintiff filed the action against defendant al-
leging that the latter, some time in the spring of 1915,
sold and converted to his use one lot of staves belonging
to plaintiff at Road Ford in Carter county of the value of
$299.54, and in the same way converted to his use other
staves at Wrigley, Kentucky, which also belonged to
plaintiff, of the value of $286.33, the two alleged conver-
sions aggregating the amount of the verdict.

It is admitted by defendant that he shipped the
staves and collected and appropriated the proceeds
therefor, but he contends that they belonged to him and
not to the plaintiff. Upon the issue as to the ownership
of the staves the evidence is amply sufficient to support
the verdict that they were the property of plaintiff. Of
course, as is usually the case, there was a contrariey of
testimony upon that issue, but plaintiff's testimony not
only supported his contention but we think it preponder-
ated in his favor, and being of this opinion we do not
deem it necessary or serving any useful purpose to incor-
porate the testimony in this opinion.

The only issue of fact about which there could possi-
bly be any serious controversy, and upon which it is ser-

iously contended that the evidence was wholly insufficient to support the verdict, relates to the value of the staves at the time they were converted. Plaintiff introduced no direct testimony as to their value *at that time,* but without objection he testified what he paid for the staves at the time he purchased them some six months or more before then (a sum equal to the verdict), and likewise testified without objection that he obtained from defendant's bookkeeper the price received for the staves when defendant sold them. He also testified to approximately the number of staves involved. None of that testimony was denied by defendant or by any witness who testified for him and it therefore stands as admitted. We think it was sufficient to authorize the jury to conclude that the staves when they were converted were of the same value which defendant received for them when he sold them shortly thereafter; and, with the testimony as to their cost to plaintiff (which as said was not objected to), authorized the jury to return the verdict complained of. If the testimony had been objected to we could disregard it although the objections were overruled, in which event we could eliminate it from the case, leaving nothing therein to sustain the verdict. The condition of the record, however, prevents us from adopting that course, and with nothing to overcome the *prima facie* case (though made by incompetent testimony) we are without authority to reverse the judgment upon this ground.

The motion for a new trial also relied on newly discovered evidence, but that ground is not seriously insisted on in this court, nor could it successfully be done, since the only effect of the alleged discovered testimony is to but faintly impeach two of plaintiff's witnesses and is, consequently, of that character for which a new trial will not ordinarily be granted, unless it is so convincing as most likely to produce a different result. It is not of that character; but if it were the requisite diligence is not shown, and upon the whole case we find no legal ground for reversing the judgment, and it is accordingly affirmed.