## Isgrig v. Jacoby, et al.

(Decided June 12, 1923.)

## Appeal from Bourbon Circuit Court.

1.  New Trial—Newly Discovered Evidence which Could Not have Been Produced with Reasonable Diligence is a Ground.—Newly discovered evidence material to the party applying for a new trial, which he could not with reasonable diligence have discovered and produced at the trial, is ground for new trial.

2.  New Trial—Courts do Not Favor Newly Discovered Evidence as Ground.—The courts do not favor newly discovered evidence as a ground for new trial because it offers big opportunities for perpetration of fraud.

3.  New Trial—Want of Diligence in Discovering Evidence Before Trial Prevents New Trial.—The courts will not grant a new trial on newly discovered evidence unless the party seeking the new trial has exercised due diligence in procuring the evidence.

4.  New Trial—Forgotten Facts Cannot be Considered Newly Discovered Evidence.—Forgotten facts cannot be considered newly discovered evidence for which a new trial may be granted.

5.  New Trial—New Evidence Must be Competent and Material.—To justify a new trial, the newly discovered evidence must be both competent and material.

6.  New Trial—Generally Not Granted for Impeaching or Cumulative Evidence.—The general rule is that impeaching or contradictory evidence, or evidence which is merely cumulative, will not warrant a court in granting a new trial.

7.  New Trial—Newly Discovered Evidence Held Cumulative.—Where the question litigated in an action involving the settlement of an estate was whether decedent had given to his daughter the land in controversy or had given her only the usufructs thereof, which were to be treated as advancements, and both parties testified and called witnesses to give evidence on that issue, newly discovered evidence, after the judgment for the daughter had been affirmed, to the effect that in a previous action between herself and her husband she had verified a pleading stating that the land belonged to her father and she had only the use thereof, was in the sense cumulative and contradictory of the daughter, and was not new evidence.

8.  New Trial—Diligence to Procure Evidence Before Trial Held Not Shown.—Where the new evidence for which a new trial was asked was a verified pleading by defendant in another suit contradicting her claim in the present suit, and plaintiff admitted he had heard some talk of the other suit, the evidence could have been discovered by diligent efforts before the original trial.

9.  New Trial—Newly Discovered Admission by Party Held Not to Require New Trial in View of Explanation.—Newly discovered evidence consisting of a verified admission in a pleading by defendant

contrary to her claim in the present action, though it would have had influence in determining the question, would not necessarily have been controlling, in view of her plausible explanation that she was advised by her counsel in the other suit that she could not rely upon the parol gift which she claimed in the present suit, and therefore alleged the property still belonged to the donor.

10. Appeal and Error—Findings of Chancellor on Facts Must be Given Some Weight.—The findings of the chancellor on the facts must be given some weight on appeal.

EDWARD C. O'REAR, WILLIAM L. WALLACE, W. T. FOWLER and EMMET M. DICKSON for appellant.

ROBERT C. TALBOTT, VIRGIL CHAPMAN and W. H. WHITLEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Prior to December, 1913, William Isgrig died intestate domiciled in Bourbon county, leaving a large estate, consisting of both real and personal property. He had two children, a son and a daughter. About that time a suit to settle the estate of William Isgrig was commenced by the administrator and the two children. There were several questions involved, but the only one pertinent here was between the son and daughter, in which the son sought to have his sister charged with rents received by her from a 197-acre farm averred to have been owned by his father for a long number of years and used by the daughter, as advancements. Issue was sharply drawn, evidence taken and trial had, resulting in favor of the daughter. The son appealed from the judgment to this court and it was affirmed. Shortly after the mandate was filed in the lower court the action, which resulted in the judgment from which this appeal is prosecuted, was filed for new trial of the old settlement suit.

The new case is prosecuted under section 518 of the Civil Code and is based upon newly discovered evidence. The plaintiff in this action, William Sweeney Isgrig, appellant in the old suit, avers in his petition that since the filing of the mandate in the old settlement suit he has discovered for the first time that his sister, appellee Jacoby, admitted in writing some years before the conclusion of the old suit that she was not the owner of the tract of land around which that litigation revolved, but that her father, William Isgrig, was the owner thereof

and that he gave her only the right to use and have the proceeds of the said farm through a number of years next before his death, whereas in the old suit she had pleaded and testified that her father had given her the farm but had not made her a deed, and that being the owner of the said tract of land she was not liable for the rents as advancements from her father but was entitled to take the said rents and proceeds from the farm free of any claim whatever on behalf of her brother. This written evidence was in form of petition in a suit against her husband, Lisle Jacoby. She and her husband were living together on the farm. They marketed a large number of lambs and he collected the money and deposited it to his separate account. There was also a large quantity of wheat raised on the farm which was in controversy between Mrs. Jacoby and her husband. She brought suit against her husband joining the bank in which he had made the deposit, as party defendant, to enjoin and restrain her husband from drawing checks upon the account and restrain the bank from paying such checks if drawn on the ground that she was the exclusive owner of all said moneys. These pleadings were verified by Mrs. Jacoby. In the petition she made the following averments:

"On or about July 15, 1909, the said Emma Isgrig Jacoby filed in this court with the clerk thereof her petition in equity against the defendant, Lyle Jacoby, and the First National Bank of Paris, Ky., in which she alleged 'that she owns in fee simple the undivided half of a certain tract of about 197 acres of land lying in Bourbon county, Kentucky, adjoining the lands of George Wagoner, E. F. Clay, Jr., Noah Spears' heirs, Mrs. Sallie Joyce, the Ward estate, etc., and her father Wm. Isgrig, is the owner in fee simple of the remaining undivided half of said land, and plaintiff states that since her father became the owner thereof, he has allowed plaintiff the use thereof and the proceeds and profits thereof from year to year, and is still allowing plaintiff the use thereof and the proceeds and profits thereof without rent other than the payment of taxes and repairs.' "

This was in 1909, and she had been in possession of the lands a number of years before that. Appellant avers in his petition that he did not know of the existence of this suit nor the averment therein contained and did not and could not have used the same on the trial of the set-

tlement suit which was appealed to this court. The evidence upon which appellant now relies for new trial, he avers, is not merely cumulative or impeaching evidence but is such as justifies the granting of a new trial. He says it is independent, substantive evidence against his sister of a kind different from that introduced on the former trial. Newly discovered evidence material to the party applying, which he could not with reasonable diligence have discovered and produced at the trial, is ground for new trial. Courts do not favor this ground for new trial because it offers big opportunities for perpetration of fraud. Neither will the courts grant a new trial on newly discovered evidence unless the parties seeking the new trial have exercised due diligence in procuring the evidence. It is also stated that forgotten facts cannot be considered newly discovered evidence. Not only this, but the evidence must be both competent and material, and if not so, a new trial will be denied. The general rule is to the effect that impeaching or contradictory evidence will not suffice to warrant a court in granting a new trial; neither will cumulative evidence do so when confined to its strict and proper limits. 20 R. C. L., p. 289, etc. Ellis v. Comlth., 146 Ky. 715; National Construction Co. v. Duvall, 153 Ky. 394; Mulloy v. City of Louisville, 161 Ky. 596.

In the original suit the parties directed their evidence to the issue of whether William Isgrig, father of appellant and appellee, made a parol gift of the land to his daughter some time prior to 1909, or whether he merely gave the rents and profits of the land to his daughter. The son insists he did not give her the land but only gave her the usufruct. In order to determine this question several witnesses were called on each side. Appellee, Mrs. Jacoby, testified that her father gave her the land by parol and that she owned and claimed it at the time of the commencement of the settlement suit. She called several other witnesses to corroborate her. The son testified to facts which indicated that his father did not give the lands to his sister and called witnesses to corroborate him. The evidence being thus made up and submitted a judgment was rendered in favor of the daughter.

The evidence now relied upon for new trial is in a sense cumulative. In other words, it goes to prove what appellant attempted to establish in the settlement suit.

More properly it may be styled as contradictory evidence of appellee Jacoby. It was not new evidence or such evidence as appellant might not have discovered if he had made diligent efforts to do so before the trial of the settlement suit. He admits he heard some talk of the controversy between Mrs. Jacoby and her husband about the year 1909, and that Mrs. Jacoby came to his house to see their father and to obtain advice how to manage her case against her husband. While the pleadings of the appellee in the case against her husband would no doubt have had influence upon a court in determining the settlement suit, it is by no means certain it would have been controlling. Her explanation of how the pleading came about is quite plausible. She says in bringing her action against her husband she was advised by counsel that inasmuch as she did not have a deed to the land she could not rely upon the parol gift and take the proceeds of the lands from her husband, and that relying upon this advice she did make or asked her counsel to prepare and file her pleading in question, although she was at the time the parol owner of the said lands and in the actual possession thereof. All these facts taken together we are constrained to the view that the trial court did not err in denying appellant's petition for new trial.

The chancellor had all the facts before him. Upon these facts he found against appellant. His finding on the facts must be given some weight. To do so sustains his judgment.

Judgment affirmed.