## Reid v. Craig.

(Decided July 1, 1924.)

### Appeal from Hickman Circuit Court.

1. New Trial—Not Granted Unless Newly Discovered Evidence Likely to Produce Different Result.—New trial will not be granted for newly discovered evidence unless it is so convincing as most likely to produce different result.

2. Appeal and Error—New Trial—New Trial Discretionary—Discretion of Circuit Judge Not Controlled Unless Abused.—Application for new trial on ground of newly discovered evidence is addressed to discretion of circuit judge, and his discretion will not be controlled unless abused.

3. Wills—Denial of New Trial of Will Contest on Ground of Newly Discovered Evidence of Subsequent Will Held Not Abuse of Discretion.—Denial of new trial of will contest on ground of newly discovered evidence as to existence of subsequent will held not an abuse of discretion.

J. H. SHELTON for appellant.

W. J. WEBB and J. D. VIA for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Ernest E. Reid, a resident of Clinton, Hickman county, Kentucky, who was unmarried and childless, died March 25, 1917, at Conway, South Carolina, where he had gone hoping to benefit his health. By a will which ap-

pears to have been duly executed June 22, 1900, he devised his entire estate to his sister, Daisy Ellen Reid, who later by marriage became Daisy Ellen Craig. The property devised, consisting mainly of real estate in Kentucky and Arkansas, amounted in value to about $100,000.00. The will was admitted to probate by the Hickman county court. Thereafter the appellant, Lelon C. Reid, a half-brother of the testator, contested the will by taking an appeal from the judgment of the county court to the Hickman circuit court. The trial in the latter court resulted in a verdict and judgment sustaining the will. This result was duly certified to the county court. Immediately following the probate of the will in Hickman county, Kentucky, it was duly admitted to probate in Arkansas by the court having jurisdiction in the county in which the real estate owned by the testator in that state was situated. Thereafter, on January 23, 1920, Lelon C. Reid filed in the Hickman circuit court a petition for a new trial in the will contest, alleging as a fact not known to him when the case was tried in that court, that about February in 1914, and nearly fourteen years after the execution of the will in contest, the testator, Ernest E. Reid, while in Arkansas, made another will revoking the first and devising his Kentucky real and personal estate to the appellee, and his Arkansas real estate to the appellant. This will, it was alleged, could not be found, but the affidavits of O. H. Sumpter and Charles Brandenburg were filed in which it was stated that Sumpter had written and they both had witnessed the will, and that its contents were as stated in the petition. General and special demurrers to the petition were overruled. An answer was filed controverting this, and alleging that the laws of Arkansas with respect to wills were like those of Kentucky, and that the granting of a new trial in this state would not affect the probate made of the will in Arkansas from which no appeal had been taken. By an amended petition filed after the adjournment of the court, appellant alleged that he had discovered that the testator destroyed the will made in 1914 by tearing it up in the presence of S. B. Craig on August 26, 1915. The Arkansas will, as shown by Sumpter, was written in his office while, as he and Brandenburg both testified, the testator was boarding at the Pullman Hotel. The testator's sister, the appellee, who was with him, says that he was then at Mrs. Larens' and had been for many months. In this she is corroborated by Mrs. Lar-

ens and another. There is also proof that the testator was not in Clinton in August, 1915, and there is testimony in the record impeaching the general moral character of Sumpter. There is also much testimony showing that the testator made no will in the year 1914 and that he was incompetent then to make a will, and had been for some time previous to this. On these facts the circuit court dismissed the petition for new trial. The plaintiff appeals.

The rule is well settled that a new trial will not be granted for newly discovered evidence unless it is so convincing as most likely to produce a different result or, as the rule is sometimes expressed, "unless the evidence be of such decisive character as to render a different result reasonably certain." Hartsfield v. Pace, 189 Ky. 93; George v. Sohn, 191 Ky. 428; Benge v. Markham, 194 Ky. 121; Bradley v. Gearhart, 194 Ky. 399.

The courts do not favor newly discovered evidence as a ground for new trial, because it offers big opportunities for perpetration of fraud. The application for a new trial is addressed to the discretion of the circuit judge, and his discretion will not be controlled, unless abused. Isgrig v. Jacoby, 199 Ky. 744.

Under the rule laid down above, the judgment of the chancellor refusing a new trial cannot be disturbed. The evidence is persuasive that the testator was incompetent to make a will in the year 1914, and that he was not in Arkansas at the time at which the witnesses testified he was there and executed a paper which, according to another witness, he destroyed at Clinton, Kentucky, in August, 1915, and the proof is convincing that he was not in Clinton in August, 1915, and that he was not for some years before his death capacitated to make a will. Judgment affirmed.