## Finnegan, Administratrix v. Floyd Garage and Auto Livery Company.

(Decided May 11, 1926.)

## Appeal from Kenton Circuit Court.

1. Appeal and Error—In Death Action Against Taxi Owner, Evidence as to Condition of Lights on Taxi on Morning Following Accident, Though Incompetent, Held Not Prejudicial.—In death action against garage company, where deceased was killed by taxi in evening, defendant's evidence as to condition of lights on taxi on following morning, though incompetent, held not prejudicial, where several witnesses testified lights were in perfect condition and burning at time of accident.

2. Witnesses—In Death Action Against Taxi Owner, Driver was Properly Permitted to Testify on Cross-Examination as to Sounding Warning Signal Before Accident Though Such Matter was Not Touched on Direct Examination.—In death action against taxi owner, driver, on cross-examination, was properly permitted to testify as to sounding warning signal before accident, though such matter was not touched on direct examination, since any fact competent as evidence bearing on issues made by pleadings may be brought out on cross-examination.

3. New Trial—New Trial Will Not be Ordered for Newly Discovered Evidence Similar to that Already Received, Unless it is Reasonably Probable that Different Verdict would be Rendered.—New trial will not be ordered for newly discovered evidence similar to that given at trial, unless it is reasonably probable in light of entire record that different verdict would be returned if new evidence was considered by jury.

4. Automobiles—Evidence Held to Support Verdict for Owner of Taxicab Injuring Pedestrian.—Evidence held to support verdict for defendant in death action against taxicab owner, where deceased stepped in front of approaching car and was killed.

5. Automobiles—Taxicab Driver Held Only to have Duty to Use all Available Means to Avoid Striking Pedestrian After Discovering Peril.—Where pedestrian stepped off curb in front of taxi approaching at moderate speed, driver held only to have duty to

use all available means to avoid striking her after discovering her peril.

JOHN T. MURPHY, M. J. BROWN, MURPHY, BROWN & HARRISON and CHARLES H. PURDY for appellant.

LEWIS F. BROWN and EDWARD W. PFLUEGER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Elizabeth Finnegan was struck by a taxicab of appellee company on Main street in Covington in January, 1925, and so injured that she died within two hours, and this suit was commenced by her sister, Katherine, as her administratrix, against the garage company to recover damages for her alleged wrongful death. The case was submitted to a jury by instructions of which there is no complaint, and a verdict returned in favor of the garage company. The administratrix appeals, asking a reversal of the judgment on the following grounds:

1. The court erred in permitting testimony which was incompetent, over the objection and exception of the plaintiff, all of which was prejudicial to her.

2. Of newly discovered evidence which was unknown at the time of the trial.

3. The verdict of the jury was flagrantly against the weight of the evidence.

The accident happened about 6:30 p. m., in January, when it was almost dark. Miss Finnegan had been to a newstand to get an afternoon paper and was returning when she stepped in front of a moving taxicab and received the injuries from which she later died. Her sister, Miss Katherine, who is now administratrix, had accompanied her part of the way and was waiting on a corner a block or so away when she saw the car strike deceased. Several witnesses testified for the administratrix, saying, in substance, that the car was traveling at a rapid rate of speed shortly before it struck Miss Finnegan; that after it knocked her down it dragged her about twenty feet or more; that she was so injured when carried to the hospital that she was unconscious and expired within a short time. None of the witnesses for appellant were able to state just how the accident happened except one, who said he saw Miss Finnegan just as she was struck by the car but did not see her enter the driveway of the street. Most of them testified they did not hear any signal of the

approach of the automobile to the street intersection only a few feet to the rear of where the accident happened. Clark Lucas was the driver in charge of the taxi at the time it struck Miss Finnegan and was called by the administratrix as a witness. He said he had been driving that particular cab about a year; that it was in good condition; that it had both a foot and an emergency brake and that both of them were in good condition; that the streets were wet from a rain that had recently fallen; that at the time of the accident he was traveling at the rate of twelve to fourteen miles per hour; that going at that rate he could stop the taxi by the use of the brakes in a distance of about three or four feet; that in approaching the street intersection immediately before the accident he gave two honks of the klaxon on the taxi as a signal of his approach to the crossing; that he was driving along within about two feet of the curb on the right-hand side of the street; that Floyd Sebree was riding in the cab with him. In describing how the accident happened he said: "Well, I had already crossed over Fourth street and was beyond the pavement, the foot crossing of Fourth street, the south side of Fourth street, when the lady stepped from the curb in front of the car." Asked how far he was south of the street intersection he answered: "Twenty or twenty-five feet. Q. What did the lady do when you got to a point that was opposite her? A. She stopped and started back. Q. Then what happened? A. She was hit. Q. Now, when she was hit what happened to her then? She was knocked down. Q. How far did the automobile go before it stopped? A. Three or four feet. Q. Where was she when you brought the automobile to a stop? A. Between the front wheels and the rear wheels. Q. Now, with reference to lights on your machine, can you state whether they were burning or not burning? A. They were burning." He also stated that Miss Finnegan stepped off the curb to a point in the street only two or three feet in front of the moving car and that he could not stop the car, although he put on the brakes before it struck her and that he stopped immediately. This witness was supported in his evidence by that of Sebree and other persons who witnessed the accident, but the two persons in the taxi were the only ones who could give a detailed account of how the accident happened. Other witnesses saw only part of it and the parts they witnessed were not all the same. There was some evidence introduced on the trial to show that the

body of Miss Finnegan had been dragged about twenty feet by the car after it struck her; that the water, snow and ice on the street had been wiped clean for twenty feet and was backed up against her body when they took her from under the automobile. This evidence is denied by witnesses for the garage company.

1.  Appellant's first complaint relates to the incompetency of evidence, the objectionable question being: "Mr. Floyd, do you know whether or not the mechanical operation of that car was such, the next morning, as if operated by the chaffeuur, the lights would burn?" The answer to the foregoing question is as follows: "Why the car was working all right the next morning; it was gone over thoroughly to see if there was anything wrong with the car and the car was in perfect shape; the car was driven all night."

The witness had been interrogated concerning the lights on the taxi and said he had been at the garage all day but was home at the time of the accident; that the car had been in use that day and was in perfect condition, including lights, as it was run all night and next morning it was examined and found to be in perfect condition, including the lights. Of course, the answer of the witness with respect to how the lights were the following morning was not competent. That part of the answer should have been omitted. But inasmuch as the several witnesses had testified that the lights on the automobile were in perfect condition at the time of the accident and were burning, we cannot see that the question and answer of which complaint is made was prejudicial to the substantial rights of appellant.

2.  Complaint is also made that appellant was allowed to prove by the chauffeur that, in approaching Main street immediately before the accident, he sounded a warning signal. The witness Lucas was asked:

"Q.  Mr. Lucas, now when you approached Fourth street, while you were still on Main street, what, if anything, did you do with reference to giving a warning of your approach? (Objected to by plaintiff; objection overruled; plaintiff excepts.)

"A.  Well, When I approached Fourth street I sounded the klaxon twice.

"Q.  Now, when you crossed the intersection of Main and Fourth streets, about how fast were you

going? (Objected to by plaintiffs; objection over-ruled; plaintiff excepts.)

"A. I was driving about twelve to fourteen miles an hour."

The objection of appellant to this evidence is that it was given by Lucas on cross-examination, although he had not been asked concerning signals on direct examination, it being asserted that it is a well established rule that a party has no right to cross-examine a witness except as to facts and circumstances connected with matters covered in his direct examination; that if he wishes to examine him as to other matters he must do so by making the witness his own, and recalling him as such, in the subsequent progress of the cause. Greenleaf, vol. 1, part 3, page 541.

Our rule on the subject, as evidenced by the cases of Collins v. Flynn, 155 Ky. 717; Gregory v. Nesbitt, 35 Ky. 419, is: "It is sufficient to say that on cross-examination of a witness by the adverse party the latter may prove by such witness any fact which would be competent as evidence bearing upon the issues made by the pleadings." In Brutons v. Griffith Construction Company, 118 S. W. (Ky.) 1001, it was said upon this subject: "When the plaintiff introduced Potter, the defendant was at liberty on cross-examination to go into the matter and to prove by the witness any fact which he could testify to; but, if his testimony was inconsistent with the testimony of other witnesses given on the trial, it was a question for the jury which witness they would believe." The rule seems to be well established that when a party introduces and interrogates a witness, opposing counsel may on cross-examination elicit from the witness any fact that will support any issue made by the pleadings or which tends to contradict or impeach the testimony of other witnesses introduced by the adverse party. The court did not err in allowing the witness introduced by the administratrix to be cross-examined by counsel for the defendant company upon matters not inquired about on the direct examination.

3. Appellant's third ground is based upon newly discovered evidence. She filed the affidavit of her attorney and two other persons tending to show that since the trial of the case she had discovered for the first time that a witness named Osborne and another named Raridon, were near the scene of the accident and went to the car

immediately after it stopped and noticed that the water and snow had been wiped from the street by the body of the deceased, being dragged by the car for a distance of about twenty feet, which evidence was intended to prove that the car was going at a rapid rate of speed and could not be stopped in a short distance, as testified by the driver. Evidence of like character was introduced and considered at the trial. On the hearing of the motion for a new trial the learned trial judge allowed appellant to call the witnesses in open conrt, and this was done. After a patient hearing the trial judge was of opinion that the newly discovered evidence was not such as to render a different result probable on another trial. The evidence was not clear and decisive, but was much the same as that heard by the jury on the trial, and the trial court correctly concluded that it did not warrant the granting of a new trial. In substance it is stated in Sweazy v. Commonwealth, 193 Ky. 1, that courts are reluctant to grant new trials for newly discovered evidence, and will not do so, unless it be of such a preponderating nature as to render it reasonably probable in the light of the entire record that a different verdict would have been returned if it had been introduced and considered by the jury. Hays v. Commonwealth, 140 Ky. 184; Benge's Admr. v. Marcum, 194 Ky. 121; Johnston v. Williams, 187 Ky. 767.

4.   We cannot agree with counsel for appellant that the verdict is contrary to the weight of the evidence. No witness was introduced by appellant to show just how the accident heppened, but several witnesses for the appellee testified in detail concerning the happening of the accident.   On this evidence it appears that Miss Finnegan inadvertently, or through want of care, stepped off the curb into the driveway immediately in front of the moving taxi and was struck and killed. If this evidence was accepted by the jury as true only a verdict for the defendant company was possible. The taxi was, according to the evidence of the driver and other persons, running at a moderate rate along the driveway prepared for vehicles, when Miss Finnegan unexpectedly stepped in front of it. The car could not be stopped in two or three feet by the exercise of diligence on the part of the driver, and consequently Miss Finnegan was struck. The only duty resting upon the driver when Miss Finnegan stepped immediately in front of the car, was to use all means at his hands by the application of the brakes, and the manipula-

tion of the car, to avoid striking her after her peril was discovered, and if he used such precautions as a reasonably prudent person would have employed under like circumstances to avoid striking Miss Finnegan, although he was unable to avoid striking her, the garage company was not liable. The jury must have accepted appellee company's view of the case presented by the instructions of the court, in returning a verdict for the defendant company.

We find no error prejudicial to the substantial rights of appellant and the judgment is affirmed.

Judgment affirmed.