## Powell v. Galloway.

(Decided April 16, 1929.)

YEAMAN, PENTECOST & YEAMAN for appellant.

DORSEY & DORSEY for appellee.

Opinion of the Court by Judge Willis—Affirming.

This is an action for a new trial on the ground of fraud and newly discovered evidence. Civil Code secs. 343, 344. The action was dismissed, and the plaintiff appeals.

Galloway recovered a judgment against Dr. Powell and a motion for a new trial was overruled. See Powell v. Galloway, 229 Ky. 37, 15 S. W. (2d) —. This suit was then filed, on the ground that the plaintiff, Randolph Galloway, had testified falsely that his hand and fingers were stiff, deformed, and permanently impaired, and that he had obtained a judgment for $3,000 based on his testimony, and other testimony produced by him, to the effect that the injury was permanent. It was alleged that after the trial Dr. Powell had learned that Galloway had played baseball, using his crippled hand; that he had worked upon a farm making a hand as a hay baler, and had performed manual labor, necessitating use of the injured member, and that these physical conditions and facts were unknown to him at the time of the trial and had occurred since the adjournment of the term of court at which the judgment was rendered.

The petition further alleged that the jury, during its deliberations, had considered and discussed the question of whether Dr. Powell had insurance to indemnify him against any judgment that might be rendered, and that the jurors were influenced and prejudiced against him by the discussion. The proof failed to sustain the charge with reference to improper conduct of the jury, but the plaintiff introduced considerable testimony to show that Galloway had worked on a farm at the hay baler, had played baseball, and had performed other labor requiring strength in the injured arm; but there was contradictory evidence that Galloway was unable to make a hand at the hay baler, that he was excluded from the ball team on account of his crippled hand, and that his exertions were not incompatible with his injury being as delineated at the trial. The court declined to grant a new trial.

The rule is that newly discovered evidence, in order to authorize the granting of a new trial, must be of a decisive nature, and such as to render a different result reasonably certain. If it is merely cumulative, or in sharp conflict, it will not authorize a new trial. Anshutz v. Louisville Ry. Co., 152 Ky. 741, 154 S. W. 13, 45 L. R.

A. (N. S.) 87; L. & N. R. Co. v. Hulette, 171 Ky. 500, 188 S. W. 653; National Concrete Const. Co. v. Duvall, 153 Ky. 394, 155 S. W. 757; L. & N. R. Co. v. Ueltschi, 126 Ky. 556, 104 S. W. 320.

Our examination of the evidence discloses that it was in sharp conflict, and was not of such certain and unerring character as to have been decisive of the issue involved.

The finding of the circuit court, based upon conflicting evidence, will not be revised by this court, when the mind is left in doubt as to the truth of the matter under investigation. West Pub. Co.'s S. W. Digest Appeal and Error. — 1009.

The judgment is affirmed.