## Howell v. Standard Oil Company.

(Decided May 13, 1930.)

348

ROSE & HOLLADAY and GILBERT, PICKETT & MATTHEWS for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and TODD & BEARD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Bertha Howell instituted an action against the Standard Oil Company to recover damages for personal injury alleged to have been caused by the negligence of defendant's servant in charge of a truck. The negligence was denied by the answer which attributed the injuries to the plaintiff's own negligence. A trial resulted in a verdict for the defendant, and a motion for a new trial was denied. The plaintiff appeals. The errors complained of are that the trial court should have granted a new trial upon the ground of newly discovered evidence; that the verdict was flagrantly against the evi-

dence; and that an instruction embracing the doctrine of the last clear chance should have been given. These contentions will be discussed and determined in inverse order.

The appellant offered no instructions, but insists that the court should have instructed the jury under the humanitarian doctrine to the effect that if the plaintiff's peril was discovered in time, by the exercise of ordinary care, to have prevented her injury, it was the duty of defendant's agent to exercise such care for that purpose. Ross v. Louisville Taxicab & Transfer Co., 202 Ky. 828, 261 S. W. 590. The case at bar arose from a collision between motor vehicles on the public highway. There was no opportunity to discover the peril of the plaintiff. She claimed that while sitting in her husband's automobile, which was stopped on the right side of the road, the defendant's truck came from the opposite side of the road directly in collision with the car in which she was sitting, and thereby inflicted injury upon her. The opposite theory that the truck was run into by the Howell automobile was maintained by the defendant. It was a case of two distinct theories, each supported by evidence, and there was nothing shown that called for the application of the doctrine of "the last clear chance." Peak v. Arnett, 233 Ky. 756, 26 S. W. (2d) 1035; Lieberman v. McLaughlin (Ky.) 26 S. W. (2d) 753. Furthermore, the appellant offered no instruction presenting the point now advanced, and it was not incumbent upon the court in any event to instruct the jury on any such theory, in the absence of a request in writing so to do. Hatfield v. Payne, 195 Ky. 310, 242 S. W. 32; Fullenwider v. Brawner, 224 Ky. 274, 6 S. W. (2d) 264; Corlew's Adm'r v. Young, 216 Ky. 237, 287 S. W. 706; Louisville & N. R. Co. v. Jolly's Admr'x, 232 Ky. 702, 23 S. W. (2d) 564; Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757.

Equally without merit is the contention that the verdict is flagrantly against the evidence. The testimony for the defendant, which the jury had a right to accept, tended to show that while the truck was standing upon its right side of the road, the car in which plaintiff was riding came over and collided with it. It is argued that the circumstances corroborate the plaintiff's theory and contradict the defendant's theory, but the circumstances of the accident are equivocal. Each of the colliding cars was injured about the left front wheel and fender. There

is testimony that the cars were found after the collision on the plaintiff's side of the road, but the defendant's testimony tends to show that the truck, after the accident, was on the right side of the road with the front wheel turned slightly to the left and the steering apparatus injured, as a result of the impact. It will thus be seen that there was a direct conflict in the evidence and it was possible for the jury to find for either party, depending upon which testimony it accepted. The verdict was not flagrantly against the evidence. Appellant correctly states the rule which prevails under subsection 6, sec. 340 of the Civil Code, to the effect that the court will not set aside a verdict merely because it is against the preponderance or weight of the evidence, nor because of numerical superiority of witnesses, but only when the verdict is flagrantly and palpably against the evidence as a whole. Louisville & N. R. Co. v. Baker's Adm'r, 183 Ky. 795, 210 S. W. 674; Louisville & N. R. Co. v. Rowland, 227 Ky. 841, 14 S. W. (2d) 174; Louisville & N. R. Co. v. Curtis, 233 Ky. 276, 25 S. W. (2d) 398; Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S. W. (2d) 985.

The main insistence of appellant is that a new trial should have been granted because of newly discovered evidence. At the trial, the plaintiff and her mother testified to the effect that the truck came across the road and struck the automobile while it was standing near the margin of the road on the right side. This testimony was consistent with the circumstances adduced, but it was squarely contradicted by the testimony of the driver of the truck. Subsequent to the trial term of court a supplemental motion and grounds for a new trial was filed relying upon newly discovered evidence consisting of the testimony of four newly found witnesses. One was a mechanic who, after the accident, had examined the automobile in which plaintiff was riding, and his proposed testimony concerned the marks of the collision on the automobile. Another affidavit was by W. P. Ellis, whose wife testified at the trial and who came upon the scene of the accident shortly thereafter. His affidavit merely described the condition of both cars and referred to an admission of the truck driver to the effect that he struck the Howell car on the wrong side of the road and that it was his fault. The other witnesses were Corinne Capito and John Capito, who stated in their affidavits that they lived at Bethlehem in Henry county, Ky., were following immediately behind the Howell car and

observed the accident. Both stated that the Howell car was on the extreme right side of the road as it was going towards Shelbyville, and that the truck pulled diagonally across the road and ran directly into the Howell car; that the driver admitted it was his fault; and that after the accident was over the tracks of the truck were plainly visible in the tar surface entirely across the road. It will be recalled that the testimony of the driver of the truck and that of the appellant and her mother were in sharp conflict. The appellant and her witness were both materially interested, but so far as the record shows these newly found witnesses were disinterested. If it be said that the testimony was cumulative, it was yet of such a decisive character that it must have had a material bearing on the issue and may have changed the result of the trial. Torain v. Terrell, 122 Ky. 745, 93 S. W. 10, 29 Ky. Law Rep. 306; Owsley v. Owsley, 117 Ky. 47, 77 S. W. 397, 25 Ky. Law Rep. 1186.

In Powell v. Galloway, 229 Ky. 43, 16 S. W. (2d) 492, we deduced from the authorities the rule that newly discovered evidence sufficient to authorize the granting of a new trial must be of a decisive nature and such as to render a different result reasonably certain. Whilst it may be said that the evidence was cumulative, yet it was within the exception that when newly discovered evidence is from a disinterested source and bears materially on the issue sharply defined, justice requires that it should be heard. Dunn v. Blue Grass Realty Co., 163 Ky. 384-391, 173 S. W. 1122; Cincinnati, N. O. & T. P. R. Co. v. Cecil, 164 Ky. 377, 175 S. W. 654. It is true that the matter of granting a new trial upon evidence newly discovered rests largely within the discretion of the trial court whose judgment will not be disturbed, in the absence of abuse of that discretion. Isgrig v. Jacoby, 199 Ky. 744, 251 S. W. 945. Yet when the circumstances tend to show that the evidence upon the issue at the trial was equiponderant, decisive new evidence for the losing side, coming within the rule, requires the court to regard the substantial justice of the case, and the exercise of a sound discretion impels the court to grant a new trial. Cincinnati, N. O. & T. P. R. Co. v. Cecil, supra; Cf. Brewer v. Com., 228 Ky. 128, 14 S. W. (2d.) 375; Louisville & N. R. Co. v. Hulette, 171 Ky. 500, 188 S. W. 653.

The point is made that the affidavit of the plaintiff failed to disclose facts which would warrant the assumption that due diligence had been exercised to discover the

evidence, and to produce it at the former trial. To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear (1) that the evidence is of such a decisive character as to render a different result reasonably certain; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of ordinary diligence; (4) that it is material to the issue, and (5) that it is not merely cumulative or impeaching. Benge's Adm'r v. Marcum, 194 Ky. 121, 238 S. W. 174; Reid v. Craig, 204 Ky. 151, 263 S. W. 678; Finnegan's Adm'r v. Floyd Garage, 214 Ky. 416, 283 S. W. 402; Reo Bus Lines v. Dickey, 219 Ky. 307, 292 S. W. 791, 793.

The affidavit of appellant in this case was very meager, stating merely the conclusion of the affiant that neither she nor her attorney, by reasonable diligence, could have discovered the witnesses now available. She did state that since the trial she had discovered the evidence, and each of the witnesses stated in his affidavit that he had not advised appellant or her attorney of the facts, and that so far as known they were unadvised thereof. Apart from the affidavits the record discloses that at the time of the injury the plaintiff was immediately removed to the hospital and was confined for weeks, suffering considerably from her injuries. At the trial she appeared to be weak and nervous. The two witnesses who lived in Henry county were at a point remote from the residence of plaintiff, and far from the scene of the accident. Nothing is disclosed by the record that would have led the plaintiff to the discovery of these witnesses. It is shown that a number of people assembled at the scene of the accident shortly thereafter, but apparently none of the names were taken, since very few witnesses were introduced at the trial. It is likely that in the excitement attending the accident the possibility of controversy and the probable necessity of witnesses did not occur to those involved. It is easy to see that Mr. Ellis might have been found, as he lived near the scene of the accident and his wife appeared as a witness. It is also apparent that the mechanic who examined the car after the accident was readily available, but John Capito and Corinne Capito do not appear to have advised any one of their names or addresses or of their presence at the accident, or that the fact was known to appellant. They lived in a distant part of Henry county, while appellant lived in Louisville. It is said in the brief for

appellant that Mr. Capito was the husband and Miss Capito the daughter of the lady whose funeral the Howells had just attended and from which they were returning, but we find nothing in the record to that effect. The case was submitted to the circuit court on the affidavits and the record, and no contradictory or explanatory affidavits were filed. In Russell v. City of Ashland, 159 Ky. 223, 166 S. W. 971, it was held that the mere allegation in plaintiff's affidavit that he had used diligence was insufficient. The court looked into the record and found that the newly found witness lived at the same house with other witnesses introduced at the trial, and it was plain that any sort of diligence would have discovered him. The same observation applies to the facts involved in Hudson Engineering Co. v. Shaw, 167 Ky. 27, 179 S. W. 1083; Illinois Cent. R. Co. v. Finch, 178 Ky. 229, 198 S. W. 734; Home Ins. Co. v. Cincinnati, N. O. & T. P. R. Co., 182 Ky. 778, 207 S. W. 487; and Brown v. Union Packing Co., 229 Ky. 198, 16 S. W. (2d) 1024. If appellant had set forth in her affidavit how she discovered the witnesses after the trial, and why she did not discover them sooner, it might have been helpful, but, in view of her serious injury and confinement in the hospital, the isolated location of the new witnesses, the absence of any facts counteracting the inferences rebutting negligence on the part of appellant, we are constrained to the conclusion that a new trial should be granted. Her rights should not be denied on the uncertain ground of negligence in failing to procure the evidence at the first trial, when it is not apparent that any avenue of discovery of the testimony was available to her.

The judgment is reversed for a new trial in accordance with this opinion.