# Louisville & Nashville Railroad Company v. Deaton.

(Decided May 6, 1927.)

## Appeal from Breathitt Circuit Court.

1. Appeal and Error.—In action against railroad, for burning of timber, based solely on alleged defective condition of locomotive spark arrester, under Ky. Stats., section 782, admission of testimony that there was combustible material on defendant's right of way, though error, held harmless, where undisputed evidence showed that fire started 40 yards from right of way.

2. Railroads.—In action against railroad for burning of timber, where plaintiff established origin of fire as being due to sparks from defendant's engine, and that sparks must have been of considerable size, railroad must show that locomotive was equipped with spark arrester, as Ky. Stats., section 782, requires.

3. Railroads.—In action against railroad for burning of timber, evidence that origin of fire was due to sparks of locomotive, which were of considerable size, held to justify recovery, where defendant introduced no evidence.

4. Appeal and Error.—In action against railroad for burning of timber, defendant cannot complain of recovery for timber of certain size, on ground that lessee had right to use it, where it was not shown that such lessee was operating lease, and defendant by pleadings admitted plaintiff's ownership of timber destroyed.

5. Trial.—In action against railroad for burning of timber, refusal of instruction on failure of plaintiff to minimize damages held proper, where there was no competent evidence to support it.

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN, HUNT, NORTHCUTT & BUSH and O. H. POLLARD for appellant.

ERVINE TURNER, JR., and G. C. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee recovered a judgment for $700.00 on account of damage done his standing timber by fire which he claimed was started by a spark from one of the appellant's engines. For a reversal of that judgment appellant urges, first, that it was error for the trial court to admit testimony offered by appellee to the effect that there was combustible material on the appellant's right of way, since the appellee had pitched his cause of action solely on an alleged defective condition of the spark arrester and an alleged negligent operation of appellant's engine, in violation of section 782 of the Kentucky Statutes. Although this testimony should have

been excluded, yet its admission was plainly not prejudicial, since there was no dispute whatever in the evidence that the fire which damaged the appellee's timber started some 40 or 50 yards away from the appellant's right of way. Even if there was combustible material on appellant's right of way, it had nothing whatever to do with the fire which damaged the timber, and the jury could not have been misled in this particular.

Appellant insists, next, that the judgment is not supported by sufficient evidence. The testimony shows that this fire started in an open field far removed from any house, and with nothing to cause the fire, unless it was sparks from one of the appellant's engines. The fire started about 40 yards away from the appellant's right of way, and just about 10 minutes after a freight train of the appellant had passed. There was no reasonable explanation for this fire other than that it was started by sparks from appellant's engine which was pulling the freight train. It is true no witness saw any sparks, due very probably to the fact that this fire started during the middle of the forenoon, but the circumstances clearly indicated them as the origin of the fire. Further, the fact that the fire started some 40 yards away from the appellant's right of way is substantial evidence that the sparks must have been of considerable size still to be of such fervency, after having been carried that far, as to set the field afire when they lit. After carefully reviewing all the authorities cited by the appellant, illustrative of which are L. & N. R. Co. v. Haggard, 161 Ky. 317, 170 S. W. 956, C., N. O. & T. P. Ry. Co. v. Sadieville Milling Co., 137 Ky. 568, 126 S. W. 118; and Home Insurance Co. v. C., N. O. & T. P. R. Co., 182 Ky. 778, 207 S. W. 487, we are convinced that the rule applicable to the facts of the case before us is that set out in C., N. O. & T. P. Ry. Co. v. Falconer, 97 S.W. 727, 30 Ky. Law Rep. 152, thus:

> "When it has been proven by the property owner, by direct or circumstantial evidence, that the fire was caused by sparks escaping from a railroad locomotive, we think it is then incumbent on the railroad company to show to the satisfaction of the jury in any event that its locomotives were equipped as the statute requires. The means of proving such fact is entirely within the power of the railroad company to preserve and produce. If it fails to produce satisfactory evidence that the statutory re-

quirement has been complied with as to the engine or engines causing the fire, then the verdict ought to go against it. It is known and admitted that no appliance has yet been invented that is of practicable use, that will absolutely prevent sparks from escaping from locomotives that use soft coal as fuel. These red-hot cinders, if they come in contact with dry, inflammable material, may ignite it. But such appliances have been perfected and are in general use that do ordinarily break up and obstruct the flight of the cinders so as to render them almost harmless. A fire produced from them being contrary to the usual order of things, tends to prove of itself that it is the result of a neglect to provide or keep in proper repair the statutory screens and fenders.''

The appellant introduced no evidence. That of the appellee established the origin of this fire as being due to sparks from the appellant's engine, and that these sparks must have been of considerable size. It then devolved on the appellant to show that its locomotive was equipped as the statute requires. As it failed to do so, the verdict rightly went against it.

The next ground urged is that the evidence shows that the appellee did not own any of the burned timber that was less than 12 inches in diameter, although he was allowed to recover for such timber as was burned. This contention is based on a passing reference in the testimony of one of the witnesses to the effect that he had a mining lease on the property, which gave him the right to use the timber on the place which was less than 12 inches in diameter. The appellant, however, did not develop this testimony. It did not show that the lessee was operating this mining lease or that he had the exclusive right to such timber, or that the appellee could not use it until the lessee required it. If the lessee was not then operating the lease, and if the timber grew greater than 12 inches in diameter before the lessee did operate the lease, then he would have no call upon this timber. Further, appellant by its pleadings admitted the appellee's ownership of such timber as was destroyed, and it offered no amendment when the witness testified as indicated. It cannot, then, complain of appellee's recovery for the timber less than 12 inches in diameter.

Lastly, it is claimed that the court erred in refusing to give an instruction offered by the appellant bearing on the claimed failure of appellee to minimize his damages. It is sufficient to say that there was no .competent evidence to support such an instruction, and hence the court did not err in declining to give it.

No error prejudicial to appellant's substantial rights appearing, the judgment of the lower court is affirmed.

Whole court sitting.