William L. LA VIGNE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 26, 1962.

Eugene D. Smith, Cincinnati, Ohio, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

STEWART, Chief Justice.

William L. LaVigne was convicted of the crime of armed robbery, KRS 433.150, and sentenced to life imprisonment. We shall refer to him hereinafter as "defendant." He appeals.

As grounds for reversal he argues (1) that he should have been granted a new trial because of newly discovered evidence; and (2) that the evidence does not support the conviction because it consists of the uncorroborated testimony of only one witness who identified him as the alleged malefactor.

The Commonwealth's chief witness was Robert Wind who testified he lived and worked on October 3, 1960, at Gateway Motel, 225 Scott Street, Covington. He was at the time night manager and, during the early morning hours, two men were admitted to the motel office. One of these immediately pulled a gun and commanded him to sit down. Both men demanded and were given all the money in the motel's cash drawer, which amounted to about $160. The robbers thereafter took Wind into an empty motel room, tied him up with an electric razor cord, bound up his face with a towel, and then departed.

Wind testified defendant was one of the two men and the one who brandished the gun. He said they wore no masks or disguises, that he stared at defendant for approximately five minutes, and that he then moved and got to his left side where he could not "look at him." Later, defendant was apprehended in Newport and placed in jail, and when Wind went there he viewed eight or nine of the inmates and picked out defendant and another man named Gresham, saying, "These were the men." On cross-examination, Wind was asked if he had seen a scar on the chin of defendant, and he replied in the negative.

Defendant did not take the stand but he presented witnesses who testified as to his whereabouts at the time of the alleged robbery. His wife stated that he was at home in bed with her when the holdup was said to have taken place. Another witness of his, Sergeant Marvin Harding of the United States army, would not say positively whether he was at home on the occasion in question.

After his conviction, appellant filed a motion for a new trial on the single ground of newly discovered evidence. In support of this motion he tendered six affidavits, among which was his own, and these writings purported to show that he had worn a goatee during the period surrounding October 3, 1960, the date the crime was fixed as having been committed. The reason he gave for this adornment was that an automobile accident had left an ugly scar on his chin and the goatee was grown to cover it. This he said had been shaved off prior to the trial of this case, and that before and during the trial he had forgotten to bring these facts pertaining to his facial condition to the attention of his attorney.

It is contended the existence of the goatee on defendant's person when the offense was supposedly perpetrated, if such a matter had been brought to Wind's attention, might have had a deflating effect on his testimony. The question therefore arises: Is knowledge which was known but not recalled by a defendant at the time of the original trial newly discovered evidence when it is brought to his memory by other persons after the trial and judgment?

In Benge's Administrator v. Marcum, 194 Ky. 121, 338 S.W. 174, this Court sets forth these grounds that must exist to grant another trial on newly discovered evidence: (1) That the evidence is of such a decisive character as to render a different result reasonably certain; (2) that it has been ascertained since the trial; (3) that it could not have been discovered before the trial by the exercise of reasonable diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching.

■ This Court has many times held that the belated recollection of a party or a witness will not justify a new trial on the ground of newly discovered evidence. In fact, it must be taken as firmly established in this jurisdiction that facts or evidence not introduced or otherwise made use of at a trial because they were forgotten until after the trial do not constitute newly discovered evidence because of which a new trial may be granted. See Staton v. Smith, 283 Ky. 371, 141 S.W.2d 288; Isgrig v. Jacoby, 199 Ky. 744, 251 S.W. 945; Howton v. Roberts, 49 S.W. 340, 20 Ky.Law Rep. 1331; Meek v. Patton, 12 Ky.Law Rep. 796; and Porter v. First National Bank, 11 Ky.Op. 5, 2 Ky.Law Rep. 213.

Various reasons have been assigned by the courts which have refused to award a new trial on the ground of newly discovered evidence consisting of facts and evidence forgotten at the time of the original trial and not remembered until thereafter. The reason advanced most frequently is that the moving party, if he had acted with the required diligence at the time of the original trial, would have been able to bring the evidence to light. This is the rationale set forth in Howton v. Roberts, cited above, for barring the granting of a new trial.

■ We conclude this ground is without merit and, as a consequence, the trial judge correctly held defendant to be not entitled to a new trial.

■ The point is next raised as to whether the evidence is sufficient to convict where it consists solely of the uncorroborated testimony of one witness as to the identity of a defendant. The Commonwealth maintains this contention cannot be considered because it was not averred as an error in the motion and grounds for a new trial. This position is not tenable in view of the fact that appellant's plea of not guilty upon arraignment necessarily placed in issue the sufficiency of the evidence to support his conviction. The burden was upon the Commonwealth to sustain this issue and, if it failed in this respect, the judgment must be reversed.

■ It is the general rule that neither the trial judge, nor this Court in its review of the case on appeal, may pass upon the credibility of the witnesses or determine the weight to be given their testimony. That

is to say, the trial judge may not take from the jury a controverted question of material fact, and this Court may not reverse the judgment merely because the proof is inconsistent, even though either court, if it had sat as a jury in that particular case, would have acquitted the defendant. See Schwachter v. U. S., 6 Cir., 237 F.2d 640. See also Turner v. Commonwealth, Ky., 328 S.W.2d 536, and Roark v. Commonwealth, Ky., 321 S.W.2d 783.

We conclude Wind's testimony, when viewed in its entirety, was not so improbable as to be unworthy of belief. It was the prerogative of the jury to accept his evidence as against that of appellant. Nor can we hold it is insufficient to support the conviction.

Wherefore, the judgment is affirmed.