Chester WALTON, Petitioner,

v.

Hon. Joseph J. BRADLEY, Judge, Fayette Circuit Court, Lexington, Kentucky, Respondent.

Court of Appeals of Kentucky.

Jan. 29, 1965.

**458**

Walton then filed a supplemental petition, asking that Judge Bradley be ordered to dismiss the indictments on the ground that there has been an unreasonable delay in bringing the cases to trial and therefore a violation of Walton's right to a speedy trial.

 We adhere to the rule which regards the failure of the accused to demand trial as a waiver of his right to a speedy trial. See Barker v. Commonwealth, Ky., 385 S.W.2d 671 (decided June 26, 1964); Annotation, 57 A.L.R.2d 326.

The cases having been set for trial, Walton's original petition has become moot, and they having been set at the first term of court convening after Walton's motion was received, there is no merit in his supplemental petition.

The petition and supplemental petition are denied.

---

Chester Walton, pro se, petitioner.

Joseph J. Bradley, Lexington, pro se, respondent.

CULLEN, Commissioner.

Chester Walton, a prisoner in the state penitentiary, presented to this Court a petition stating that he had filed a motion before Honorable Joseph J. Bradley, Judge of the Fayette Circuit Court, asking that he be brought to trial on three grand larceny indictments returned by the Fayette County Grand Jury, and that Judge Bradley had not acted on the motion. Walton's petition sought an order compelling Judge Bradley either to hold a trial on the indictments or dismiss them.

Judge Bradley responded, stating that the indictments were returned in April 1964; that Walton's motion was not received until after the September 1964 term of court had ended; and that he has set the cases for trial at the January 1965 term.