William LaVIGNE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1966.

Thomas P. Bell, Fowler, Rouse, Measle & Bell, Lexington, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Donald Moloney, Lexington, for appellee.

PALMORE, Judge.

Appellant was convicted in the Fayette Circuit Court of armed assault with intent to rob and sentenced to life imprisonment. KRS 433.150. At the time of this conviction he was serving a life sentence for a similar crime committed in Kenton County. See LaVigne v. Commonwealth, Ky., 353 S.W.2d 376, 92 A.L.R.2d 988 (1962).

In the instant case appellant's motion for new trial was overruled and judgment entered on October 9, 1964. His notice of appeal was filed on October 23, 1964. Hence is was not timely. See RCr 12.54. Nevertheless, since the appeal raises a con-

stitutional point which, if sustained, might render the judgment void and the defect un-waivable, it is being entertained for a review directed principally to that question.

The question is whether appellant was denied a speedy trial as guaranteed by § 11 of our constitution and the 6th and 14th amendments of the federal constitution.

The crime was committed in Fayette County on October 29, 1960. On November 18, 1960, while appellant was in custody on the charge for which he was thereafter convicted in Kenton County, he was identified by one of the victims of the Fayette County crime. He was brought to Fayette County on January 5, 1961, for examining trial. The Fayette County indictment was returned on January 20, 1961. Subsequent proceedings in the Fayette Circuit Court were as follows:

May 31, 1961 — Cause continued and bench warrant issued.

Dec. 4, 1961 — Cause continued until next term.

May 28, 1962 — Cause continued and bench warrant issued.

Sept. 11, 1962 — Cause continued and bench warrant issued.

Dec. 18, 1962 — Cause continued and bench warrant issued.

March 25, 1963 — Cause continued and bench warrant issued.

May 24, 1963 — Cause continued and bench warrant issued.

Aug. 16, 1963 — Cause continued and bench warrant issued.

Dec. 30, 1963 — Cause continued and bench warrant issued.

Jan. 27, 1964 — Appellant filed motion to dismiss for failure to afford him a speedy trial.

Mar. 17, 1964 — Motion to dismiss overruled and trial set for April term.

Apr. 8, 1964 — Motion for continuance by Commonwealth on ground of inability of material witness to appear.

June 17, 1964 — Cause continued.

Sept. 22, 1964 — Defendant ordered brought from prison for trial.

Sept. 23, 1964 — Trial set for Sept. 24, 1964.

Sept. 24, 1964 — Arraignment and commencement of trial.

Sept. 26, 1964 — Trial completed.

———————◆———————

Meanwhile, following appellant's examining trial in Fayette County he was returned to Kenton County, where he was indicted on January 18, 1961, tried and convicted on February 16, 1961, and presumably remained in jail until transported to prison following the issuance, in February of 1962, of this court's mandate affirming the judgment on appeal.

"In the majority of jurisdictions there is a judicially created rule requiring the defendant to demand trial or resist postpone-ment. This 'demand doctrine' stresses that the right to speedy trial is not designed as a sword for defendant's escape, but rather as a shield for his protection. The courts reason that requiring demand will accomplish this purpose since it will lead toward trial on the merits and not to a technical evasion of the charge. A strong minority, however, rejects the 'demand doctrine' and requires only a motion to dismiss filed before trial. These courts place the duty of procuring prompt trial upon the state, attributing significance to the fact that only the

state is empowered to bring the charge to trial. Forcing defendant to press for speedy trial would, according to this view, enable the state to do nothing until defendant acts, and then, if he acts too late, to claim waiver. * * * A persuasive minority will not apply the waiver principle to a defendant who is imprisoned for another crime in the same jurisdiction, realizing that, practically, he is in no position to either demand trial or resist postponement." Note, The Right to a Speedy Criminal Trial, 57 Columbia L. Rev. 846, 853, 855 (1957). See also annotation, Waiver or loss of accused's right to speedy trial, 57 A.L.R.2d 302, 326.

"We adhere to the rule which regards the failure of the accused to demand trial as a waiver of his right to a speedy trial." Walton v. Bradley, Ky., 386 S.W.2d 457, 458 (1965); Barker v. Commonwealth, Ky., 385 S.W.2d 671, 674 (1964).

"It has been held that the due process clause of the Fourteenth Amendment does not make the speedy trial provision of the Sixth Amendment directly applicable to state action. * * * To establish a violation of the due process clause appellant must prove that the delay precluded a fair determination of the charges against him. * * * Four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant. * * * These factors are to be considered together because they are interrelated. * * * Federal courts, in interpreting the speedy trial provision of the Sixth Amendment, which applies to federal prosecutions, have held that the right is personal to the defendant and is deemed waived unless promptly asserted. * * * Such a rule is based on the almost universal experience that delay in criminal cases is welcomed by defendants as it usually operates in their favor. Obviously, the same considerations are relevant when federal courts are asked to decide if delay in state proceedings constitutes a denial of due proc-

ess." United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963).

It was recognized in Barker v. Commonwealth, Ky., 385 S.W.2d 671, 674 (1964), that the same considerations apply also when this court is called upon to decide whether a delay in our own state proceedings constitutes a denial of due process.

Appellant contends that the Fayette County officials whose duty it was to prosecute his case either knew where he was at all times after he was indicted in that county or could have found out with a modicum of effort, whereas on the other hand he was imprisoned, was indigent and ignorant of his rights, and was without counsel. He says that he was prejudiced by the delay because during the interim his wife divorced him and remarried, moved to Detroit and refused to come to this state to testify in his behalf (his defense being an alibi which he alleges she could have corroborated), and because the Commonwealth brought out on cross-examination that his witnesses had consulted old newspapers to refresh their recollection of events at the time the offense took place.

■ With respect to § 11 of our constitution we re-affirm the position that a speedy trial is a protection to which the accused is entitled to avail himself, but that it is not incumbent on the state to seek him out and ask him if he wants to do so. It is there for the asking; that is all. Hence there was no violation in this case.

■ On the question of due process we are of the opinion that the possibility of prejudice by reason of the delay is not of sufficient substance to justify a conclusion that appellant was deprived of a fair trial. There is no assurance that the wife would have corroborated the alibi or that, had she done so, her cumulative testimony would have been any more helpful than it was in the Kenton County case. See LaVigne v. Commonwealth, Ky., 353 S.W.2d 376, 92 A.L.R.2d 988 (1962). And the witnesses who researched the newspapers to establish

the alibi might just as well have found the same procedure necessary had the trial been held but six months after the crime was committed.

■ The time that elapsed between the date of the offense and the trial was not of such extraordinary duration that either prejudice or arbitrary treatment could reasonably be presumed.

There being neither proof of prejudice nor sufficient reason to presume it, we find no violation of due process.

■ RCr 9.02, which provides that all prosecutions shall proceed "when the defendant appears or is brought before the court" unless postponed for cause, is not applicable in this instance because until appellant moved to dismiss on January 27, 1964, he had neither appeared nor been brought under the jurisdiction of the Fayette Circuit Court. Cf. Ruip v. Knight, Ky., 385 S.W.2d 170 (1964).

Our review of the record does not disclose any other error or defect of substantial prejudice to appellant's rights.

The judgment is affirmed.